JOSEPH JOHN DEC
*vs.*
GRACE IRENE DEC

GRACE IRENE DEC
*vs.*
JOSEPH JOHN DEC

York. Opinion, October 23, 1962.

*Berman, Berman, Wernick & Flaherty,*
for the Plaintiff.

*J. Armand Gendron,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

TAPLEY, J. On appeal. Joseph John Dec, the appellee in these proceedings, obtained a decree of divorce from the appellant, Grace ,Irene Dec, at the January Term, A. D. 1959 of the Superior Court, within and for the County of York. He was granted the care and custody of the minor child of the parties. The custody portion of the decree, after granting care and custody to the father recites: "but with the order, constituting part and parcel of this decree, that the child shall be kept by said libellant in the home of George E. Gendron and Flora N. Gendron of Hollis, Maine, maternal grandparents of said child (they having expressed

to this Court their assent thereto), and have her home with them, until further order of Court." The father, by petition dated July 20, 1959, sought to amend the custody portion of the decree, seeking full and complete custody of the child. The mother in turn submitted a petition to amend the decree to the end that she be given custody with the provision that the child remain in the home of the child's maternal grandparents. A hearing was had on both petitions on August 18, 1959 which resulted in a denial of both. Subsequent to the denial of the petitions to amend the decree, the father remarried and by motion dated May 23, 1961 sought to amend the custody portion of the decree so that he would be entitled to full and complete custody of the child. The mother countered with a motion seeking a change of custody decree to the effect that she be given custody and the child to remain with the maternal grandparents. The motions were heard by a Justice of the Superior Court, the result of which was an amendment of the decree by decreeing custody to the father, with rights of visitation on the part of the mother and the maternal grandparents at reasonable times, with rights of visitation by the child with her maternal grandparents and her mother at stated times. From this judgment, the mother has appealed. Subsequent to the filing of the judgment, the mother, through counsel, filed a motion for rehearing containing the following reasons: (1) That at the original hearing no stenographic record of the testimony was taken; (2) That George E. Gendron, maternal grandfather of the child, was in the hospital on the date of the hearing and was unable to give his testimony. Bearing the same date as the motion for rehearing was another motion addressed to the presiding justice to amend his original findings by making additional findings and to amend the judgment. It is indicated in this motion that it is brought by authority of Rule 52 (b) of Maine Rules of Civil Procedure. After hearing on these two motions the presiding justice denied

the motion for rehearing and, as to the motion for amended findings and additional findings and for amended judgment, he allowed some requested findings, denied others, and denied the motion to amend the judgment. The mother appealed that portion of the judgment that was adverse to her.

The appellant presents the following statement of points upon which she relies:

"1. It was abuse of discretion in this case to deny appellant a rehearing in order that a record of the testimony could be made for purposes of appeal.

2. The Court was without power to enter the judgment made in this case inasmuch as the parties indispensable therefor were not before the Court.

3. The evidence in the case does not support the decision under the doctrine of Grover v. Grover, 143 Me. 34, 54 A2d 637."

(NOTE: The Grover case holds to the principle that the paramount consideration as to custody of children at the time of the divorce or a requested alteration of a divorce decree is the present and future welfare and well-being of the child.)

"**Statement of Points.** The appellant shall serve with his designation a concise statement of the points on which he intends to rely on the appeal, and any point not so stated may be deemed waived. No such statement shall be deemed insufficient if it fairly discloses the contentions which the appellant intends to urge before the Law Court." Rule 75 (d) M. R. C. P., 155 Me. 463.

The appellant contends that the justice below abused his discretion when he denied her a rehearing in order that a record of the testimony could be made for the purposes of appeal. It is to be noted that the appellant was represented by an attorney who was capable and efficient in the trial of

her cause and presumed to be knowledgeable of the necessity of a record of the proceedings for appeal purposes. The motion for a rehearing for the purpose of providing a record for appeal was unnecessary. Rule 75 (m) of Maine Rules of Civil Procedure provides available procedure to supply the lack of a stenographic report of the evidence at a hearing:

> "(m) **Appeals When No Stenographic Report Was Made.** In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal."

There was no error on the part of the presiding justice in denying the motion.

Another point of appeal is that the court was without authority to enter the judgment as indispensable parties were not before the court. This objection refers to the fact that the maternal grandparents were not made parties to the motion to amend the decree. This reasoning is based on the order in the decree that the child was to remain in their home. The original divorce decree gave care and custody to the libellant and, in addition, provided as a part of the decree, "that the child shall be kept by said libellant in the home of George E. Gendron and Flora N. Gendron of Hollis, Maine, maternal grandparents of said child - - - - and have her home with them, until further order of Court." Counsel for the appellant contends that because the decree ordered the libellant to place the child in the home of her

maternal grandparents until further order of court that this order made the grandparents indispensable parties for any future proceedings to alter or amend the custody decree.

Chap. 166, Sec. 70, R. S., 1954, as amended, reads in part:

"The court making an order of nullity or of divorce may make an order concerning the care, custody and support of the minor children of the parties and with which parents any of them shall live, or grant the care and custody of said children to a 3rd person or to some suitable society or institution for the care and protection of children or to the department of health and welfare, and may alter its order from time to time as circumstances require upon motion of either party or the state department of health and welfare; - -."

Under the provisions of this statutory enactment the court may decree custody of a minor child to the parent or parents, to a third person, to some suitable society or institution for the care and protection of children or to the department of health and welfare. When custody is given to any one of these classifications the court "may alter its order from time to time as circumstances require upon motion of either party or the state department of health and welfare."

In the instant case the grandparents were not given custody but the court by decree granted custody of the child to the father, ordering that she reside with her maternal grandparents. Under the circumstances, where custody was not given to the maternal grandparents, they are not indispensable parties. In the case of *Grover* v. *Grover,* 143 Me. 34, the court amended a divorce decree by giving the care and custody of a child to her grandmother. Later the mother brought a petition to further amend the decree by granting custody to her. In this case the grandmother was made a party respondent to the petition for the obvious reason that the court had previously granted her custody.

There is no merit in appellant's contention that the grandparents were indispensable parties to the motion for the modification of the divorce decree.

One of the appellant's points of appeal is that the evidence in the case does not support the decision that it would be for the best interests and welfare of the child to change the custody provision of the original decree.   Appellant must show the findings to be "clearly erroneous."

> " - - - - Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."   Rule 52 (a) M. R. C. P.

The record does not contain a transcript of the testimony or a statement under Rule 75 (m) which makes it impossible for us to determine if the findings of the justice below were clearly erroneous.   There is only available to us the findings of the justice of the trial court and from a review of them we find no error.

The entry will be,

*Appeal denied.*